945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby BATTLE, et al., Plaintiffs-Appellants,
United States of America, Plaintiff-Intervenor,
v.
Park ANDERSON, his successor, Richard Crisp, Warden,
Oklahoma State Penitentiary, and his successor, J.M.
Sunderland, Warden, Oklahoma State Reformatory, and his
successor, Department of Corrections, F. Warren Benton,
Director, his successor, and the current, Board of
Corrections, State of Oklahoma, Frank E. Carey, Jr.,
President, Leroy Kirk, Patricia Montgomery, Gary M. Cook,
Chester T. Curtin, Seth Millington, William R. Thompson, as
members and their successors, Defendants-Appellees.
 No. 90-7012.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 3, 1991.
 
 Before LOGAN, JOHN P. MOORE and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 Bobby Battle, the class representative of inmates incarcerated in the Oklahoma State Penitentiary, appeals from the dismissal of his claim of a denial of equal protection under the Fourteenth Amendment because of racial discrimination.
 Upon consideration of the record, the briefs, and the arguments of counsel, the order and judgment of the district court is VACATED. This case is remanded for a full evidentiary hearing concerning compliance at the present date by the Oklahoma Department of Corrections (DOC) with the existing orders and injunctions in this action concerning racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, see Battle v. Anderson, 376 F.Supp. 402, 428-30 (E.D.Okla.1974); Battle, 457 F.Supp. 719, 739-40 (E.D.Okla.1978), along with such further actions and orders in connection therewith or resulting therefrom as may be appropriate. The evidentiary hearing should focus on job assignments, but should also cover segregation in celling and dining, as well as other claims of discrimination.
 This court is mindful of appellees' concern that forcible mixed race double celling, and other actions, could pose a security and management problem to the DOC. See Corrected Appellees' Answer Brief at 22. As three Justices noted in their concurrence to Lee v. Washington, "prison authorities have the right, acting in good faith and in particularized circumstances, to take into account racial tensions in maintaining security, discipline, and good order in prisons and jails." 390 U.S. 333, 334 (1968) (Black, J., concurring).[1] See also Turner v. Safley, 482 U.S. 78, 95 (1987) (prisoners retain those constitutional rights "not inconsistent ... with the legitimate penological objectives of the corrections system") (quoting Pell v. Procunier, 417 U.S. 817, 822 (1974)). However, "a vague fear on the part of the authorities that desegregation may result in violence.... is not enough." United States v. Wyandotte County, Kan., 480 F.2d 969, 971 (10th Cir.), cert. denied, 414 U.S. 1068 (1973).
 JUDGMENT VACATED AND CASE REMANDED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This court expresses no view as to whether the DOC has made or can make the showing necessary to satisfy Lee v. Washington. We also note that Lee held that invidious racial discrimination is as intolerable within a prison as outside except where essential to prison security and discipline. See Hudson v. Palmer, 468 U.S. 517, 523 (1984) (dictum)